IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § |
| Plaintiff, | § CIVIL ACTION NO. § § |
| v. | § § COMPLAINT § |
| TAQUERIA RODEO DE JALISCO | § § JURY TRIAL DEMANDED § |
| Defendant. | § § |

## ORIGINAL COMPLAINT

This is an action brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Blanca Esparza and other employees of Defendant who were told to stop working because of their pregnancies. These allegations are discussed in greater particularity in paragraphs 8 through 15 below.

### JURISDICTION AND VENUE

1.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII , as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division under 28 U.S.C. § 1391 and Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

3. The employment actions alleged to be unlawful occurred in Houston, Texas, which is within the jurisdiction of this Court.

## PARTIES

4. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. Defendant, Taqueria Rodeo de Jalisco (the "Defendant" or "Employer"), is a restaurant that has been and is now doing business in the state of Texas and the city of Houston and has continuously had more than fifteen (15) employees. Defendant may be served by serving its registered agent for service of process, Carmen N. Garza, 1001 E. Rio Grande, Victoria, Texas 77901.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF THE CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit Ms. Esparza filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge and an attempt to conciliate the matter.

8. Since at least 2009, Defendant has engaged in unlawful employment practices at its Houston, Texas establishment in violation of Sections 701(k) and 703(a)(1) of Title VII, 42 U.S.C. § 2000e(k) and 2000e-2(a)(1). The practices include subjecting Ms. Esparza and other female employees of Defendant to unlawful sex discrimination on the basis of pregnancy.

9. Ms. Esparza began working for Defendant in September 2006 and continuously held the position of Bus Person. In early 2009, Ms. Esparza became pregnant.

10. Sometime in mid-October 2009, Defendant's Manager, Mr. Guadalupe Valadez, told Ms. Esparza that "for [her] own good" she had to stop working as her belly was getting too big.

11. In a signed statement that Mr. Valadez provided the Commission during the investigation of the charge of discrimination, Mr. Valadez admitted that as a safety precaution he told Ms. Esparza she could not work beyond the seventh month of her pregnancy.

12. Mr. Valadez added that, once she had her baby, Ms. Esparza could return to the restaurant to see if a job was again available for her. Ms. Esparaza's last day of work for Defendant was on or about October 31, 2009.

13. Mr. Valadez further admitted to Commission investigators that he similarly had asked another pregnant employee to stop working out of concerns for her health when she was about seven months pregnant, as well.

14. Sometime in February 2010, Ms. Esparza returned to Defendant restaurant and asked Mr. Valadez for her job back. Mr. Valadez told her no position was available, but that he would contact her if and when a vacancy arose. To date, Mr. Valadez has not informed Ms. Esparza of any job openings.

15.     Under Section 701(k) of Title VII, to discriminate against an individual "because of sex" is defined to include discriminating because of, or on the basis of pregnancy. 42 U.S.C. § 2000e(k). Mr. Valadez admits that he made the pregnant employees stop working because of their pregnancies.

16.     The unlawful practice by Defendant complained of herein has deprived Ms. Esparza and other adversely affected pregnant employees of Defendant of equal employment opportunities and has otherwise adversely affected their status as employees because of their sex or, more particularly, because they were pregnant.

17.     The unlawful employment practices complained of herein were intentional.

18.     Defendant committed the unlawful employment practices complained of herein with malice or with reckless indifference to the federally protected rights of Ms. Esparza and other pregnant employees of Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from terminating employees because of their pregnancy and any other employment practice which discriminates on the basis of sex;

B.  Order Defendant to institute and carry out policies and practices which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices, including, but not limited to, annual training in Spanish and in English (if the native language of any employee is English) of all supervisors and managers concerning federal sex discrimination law, in particular

C. Order Defendant to make Ms. Esparza and other adversely affected pregnant employees of Defendant whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, front pay or reinstatement;

D. Order Defendant to make Ms. Esparza and other adversely affected pregnant employees of Defendant whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-15 above, including but not limited to, job search expenses and the value of any lost benefits, in an amount to be determined at trial.

E. Order Defendant to make Ms. Esparza and other adversely affected pregnant employees of Defendant whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of herein, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay punitive damages to Ms. Esparza and adversely affected pregnant employees of Defendant for its malicious and reckless conduct described above, in amounts to be determined at trial;

G. Award the Commission its costs of this action; and

H. Grant any and all other relief, legal or equitable, which the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507

 /s/ Claudia Molina-Antanaitis
Claudia Molina-Antanaitis
Attorney-in-Charge
Bar No. (none – Maryland)
Southern Dist. of Texas No. 1037069
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3040
(713) 209-3402 [facsimile]
claudia.molina@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002